J-S19043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HECTOR SUAREZ, | : | |
| | : | |
| Appellant | : | No. 1734 EDA 2015 |

Appeal from the Judgment of Sentence January 22, 2015
in the Court of Common Pleas of Monroe County,
Criminal Division, No(s): CP-45-CR-0000523-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HECTOR SUAREZ, | : | |
| | : | |
| Appellant | : | No. 1748 EDA 2015 |

Appeal from the Judgment of Sentence January 22, 2015
in the Court of Common Pleas of Monroe County,
Criminal Division, No(s): CP-45-CR-0001814-2014

BEFORE: BENDER, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 27, 2016**

Hector Suarez ("Suarez") appeals from the judgment of sentence entered following his conviction of one count each of indecent assault of a person less than 13 years of age, endangering the welfare of children ("EWOC"), and corruption of minors.[1] We reverse and remand for resentencing.

---

[1] 18 Pa.C.S.A. §§ 3126, 4304, 6301.

Suarez was charged, at two criminal informations, with crimes arising from the sexual assault of his granddaughter, N.D.[2]  The informations resulted from accusations that on more than one occasion, while babysitting N.D., Suarez licked and touched her "private part."  Trial Court Opinion, 5/15/15, at 1-2, 4.  The criminal information filed at No. 523 CR 2014 referred to the time period between May 1, 2013, and September 7, 2013, and set forth the following charges:

> 1. Two counts of criminal attempt (aggravated indecent assault of a child) (first-degree felony), *see* 18 Pa.C.S.A. § 901;
>
> 2. Two counts of aggravated indecent assault of a child-less than 13 years old (second-degree felony), *see id.* § 3125(a)(7);
>
> 3. Two counts of aggravated indecent assault of a child (first-degree felony), *see id.* § 3125(b);
>
> 4. Indecent assault of a person less than 13 years of age (third-degree felony), *see id.* § 3126(a)(7);
>
> 5. EWOC (third-degree felony), *see id.* § 4304(a)(1); and
>
> 6. Corruption of minors - defendant age 18 or above (third-degree felony), *see id.* § 6301(a)(1)(ii).

The criminal information filed at No. 1814 CR 2014 referred to the time period between November 1, 2012, and March 12, 2013, and set forth the following charges:

> 1. Unlawful contact with a minor-sexual offenses (third-degree felony), *see* 18 Pa.C.S.A. § 6318(a)(1);
>
> 2. Indecent assault of a person less than 13 years of age (first-degree misdemeanor), *see id.* § 3126(a)(7);

_____

[2] At the time of trial, N.D. was eleven years old.

3. EWOC (first-degree misdemeanor), *see id.* § 4304(a)(1); and

4. Corruption of minors (first-degree misdemeanor), *see id.* § 6301(a)(1)(ii).

The two cases were consolidated for trial.

The matter proceeded to a jury trial. At the conclusion of the trial, five charges were listed for deliberation on the jury's verdict sheet: (1) aggravated indecent assault of a child; (2) indecent assault of a person less than 13 years of age; (3) EWOC; (4) corruption of minors; and (5) involuntary deviate sexual intercourse with a child. The verdict sheet did not indicate the time period or date of any of the listed offenses, or the criminal information number corresponding to each offense. Following deliberations, the jury found Suarez not guilty of aggravated indecent assault of a child and involuntary deviate sexual intercourse with a child. The jury convicted Suarez of the three remaining charges: indecent assault of a person less than 13 years of age, EWOC and corruption of minors.

The trial court imposed the following sentences at No. 523 CR 2014. For his convictions of indecent assault of a person less than 13 years of age and corruption of minors, as third-degree felonies, the trial court sentenced Suarez to concurrent prison terms of 18 to 60 months. For his conviction of EWOC, as a third-degree felony, the trial court imposed a consecutive prison term of 18 to 60 months.

At No. 1814 CR 2014, for each of his convictions of indecent assault of a person less than 13 years of age, EWOC and corruption of minors, *as third-degree felonies*, the trial court imposed prison terms of 18 to 60 months, to be served concurrent to each other and concurrent to the sentences imposed at No. 523 CR 2014. Thus, the trial court imposed an aggregate sentence of 36-120 months in prison.

Suarez filed a Post-Sentence Motion, which the trial court denied. Thereafter, Suarez filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Suarez presents the following claims for our review:

I. Did the trial court abuse its discretion by sentencing [Suarez] to multiple counts of the same charge[,] when the jury only convicted [him of] three counts o[n] the verdict [sheet]?

II. Did the trial court abuse its discretion by grading the [charges] of indecent assault [of a] person less than 13 years of age, [EWOC] and corruption of [a] minor as felonies of the third degree, by finding there was a course of conduct[,] when there were two distinct acts that were alleged to occur a significant time apart[,] where the charges in this indictment were first in time and charged in [the] criminal information as misdemeanors[, and therefore,] there was no course of conduct?

III. Did the trial court abuse its discretion by grading the three counts associated with [No.] 1814 CR 2014[,] at the time of sentencing[,] as felonies[,] where they are only charged as misdemeanors in the criminal information?

IV. Did the trial court abuse its discretion by not setting aside the verdict [as] to all counts[,] where it was against the sufficiency of the evidence for a felony conviction [based on a] course of conduct?

- 4 -

V. Did the trial court abuse its discretion by sending one verdict [sheet,] under both case numbers[,] where there was no distinction as to which charge went to which case if the intent was to have the jury consider[] multiple charges from both cases?

VI. Did the trial court abuse its discretion by sentencing [Suarez] to concurrent time to the related charge[s at No.] 523 CR 2014, for all three charges related to [No.] 1814 CR 2014[,] where there was no distinction made [concerning] which count applied to which case for the jury?

VII. Did the trial court abuse its discretion by sentencing [Suarez] to consecutive sentences for each of the three charges[,] as the conviction[s] for all three charges all relate to the same instance and all relate to each other?

VIII. Did the trial court abuse its discretion by not setting aside the verdict [on] all counts where it was against the weight of the evidence for a felony conviction for course of conduct?

Brief for Appellant at 4 (issues renumbered for ease of disposition).

Suarez first claims that the trial court improperly imposed two sentences for each conviction of indecent assault, EWOC and corruption of minors. *Id.* at 12. Suarez contends that, in accordance with the verdict sheet, the jury convicted him of only one count of each offense. *Id.* Therefore, Suarez asserts, the trial court could only impose one sentence for each offense. *Id.*

A claim that the trial court lacked authority to impose a sentence implicates the legality of that sentence. *See Commonwealth v. Nava*, 966 A.2d 630, 632 (Pa. Super. 2009) (recognizing that a sentence is illegal where no statutory authority for the sentence exists).

- 5 -

"Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Brougher***, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

Our review of the record discloses that the jury verdict sheet listed five charges for the jury's consideration. Verdict Sheet, 10/30/14. The verdict sheet did not indicate that Suarez was charged with multiple counts of each listed crime. ***See id.*** Further, our review of the trial court's jury instructions discloses that the trial court in no way indicated that Suarez was charged with more than one count of each charge listed on the verdict sheet. ***See*** N.T., 10/30/14, at 98-122. Thus, based upon our review of the record, we conclude that the trial court erred in imposing two sentences for each guilty verdict. We therefore reverse the trial court's judgment of sentence and remand for resentencing.[3]

In his second and third claims, Suarez challenges the trial court's grading of his convictions. Brief for Appellant at 9. Specifically, Suarez claims that the trial court improperly graded each conviction as a third-degree felony, based upon a "course of conduct." ***Id.*** Suarez argues that the charges against him were based on two separate incidents, occurring months apart, and that the criminal information listed the charges pertaining

---

[3] As we will discuss *infra*, our disposition of Suarez's remaining claims may impact the sentencing scheme imposed by the trial court. Therefore, we reverse Suarez's judgment of sentence in its entirety, and remand for resentencing on his three convictions.

to the second incident as misdemeanors. ***Id.*** According to Suarez, "[t]here is no repetitive pattern of behavior in this case, as one act was alleged to occur in October/November[,] when [N.D.'s] mother went to the hospital. Another act was not alleged until after May of the following year." ***Id.*** at 10. Because the two incidents were isolated and unrelated occurrences, Suarez argues, there was no "course of conduct." ***Id.***

Suarez additionally challenges the grading of the offenses charged at No. 1814 CR 2014 as felonies, where they were only charged as misdemeanors in the criminal information. ***Id.*** at 15. Suarez points out that there is no indication on the verdict sheet that the jury found the additional elements necessary to convict him of third-degree felonies. ***Id.***

In his related fourth claim, Suarez challenges the sufficiency of the evidence underlying the jury's verdicts. ***Id.*** at 19. In this claim, Suarez again argues that the evidence did not establish a continuing course of conduct, necessary to grade the offenses as third-degree felonies. ***Id.***

"A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008). "When we address the legality of a sentence, our standard of review is plenary[,] and is limited to determining whether the trial court erred as a matter of law." ***Commonwealth v. Graeff***, 13 A.3d 516, 518 (Pa. Super. 2011).

Regarding Suarez's challenge to the sufficiency of the evidence, the standard we apply is

> whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa. Super. 2011).

Pursuant to section 3126 of the Crimes Code, the offense of indecent assault of a person less than 13 years of age is a misdemeanor of the first degree unless "there has been a course of conduct of indecent assault by the person…." 18 Pa.C.S.A. § 3126(b)(7). The Crimes Code similarly provides that the offense of EWOC "constitutes a misdemeanor of the first degree. However, where there is a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree." 18 Pa.C.S.A. § 4304(a)(1), (b).

Crimes Code section 6301(a)(1) defines the crime of corruption of minors and addresses the grading of the offense as follows:

> **(i)** Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.
>
> **(ii)** Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(i), (ii).

This Court has held that "course of conduct" is an additional fact, which must be found by a jury. *See Commonwealth v. Powpow*, 844 A.2d 13, 18 (Pa. Super. 2004) (stating that "'[c]ourse of conduct' is not an element of the offense of [EWOC], but it is an additional fact, a jury question, that impacts the grading of the offense."). Therefore, "in order to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of the additional factor of 'course of conduct,' and the jury must be instructed on such." *Id.* "[The trial court] cannot merely assume the jury [finds] this additional fact[,] when no evidence of it [is] presented at trial and no mention of it [is] made in the jury's charge." *Id.*

Crimes Code sections 3126, 4304 and 6301 do not define "course of conduct." However, in **Commonwealth v. Kelly**, 102 A.3d 1025 (Pa. Super. 2014), this Court explained the meaning of the phrase, "course of conduct," as used in grading the offense of corruption of minors:

> [Crimes Code] Section 6301 does not define "course of conduct," however, the phrase is not alien to the Crimes Code. "Course of conduct" is defined in multiple instances elsewhere in the Crimes Code and, in each of those instances, "course of conduct" implies more than one act over time. **See** 18 Pa.C.S.[A.] § 2709[](f) (defining "[c]ourse of conduct" as used in the statute defining the offense of harassment as "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct"); 18 Pa.C.S.[A.] § 2709.1(f) (defining "[c]ourse of conduct" as used in the stalking statute as "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct"). Although recognizing that the harassment and stalking statutes provide a statutory definition for the phrase, this Court has "explained that '[c]ourse of conduct by its very nature requires a showing of a repetitive pattern of behavior.'" **Commonwealth v. Leach**, 1999 PA Super 72, 729 A.2d 608, 611 (Pa. Super. 1999) (quoting **Commonwealth v. Urrutia**, 439 Pa. Super. 227, 653 A.2d 706, 710 (Pa. Super. 1995)).
>
> The phrase "course of conduct" is also used in the grading of the offense of [EWOC]. 18 Pa.C.S.[A.] § 4304(b) ("An offense under this section constitutes a misdemeanor of the first degree. However, where there is a course of conduct of endangering the welfare of a child, the offense constitutes a felony of the third degree.") (emphasis added). Although the EWOC statue does not define "course of conduct," the phrase is clearly used in that context to differentiate the penalties for single and multiple endangering acts. Likewise, indecent assault is graded as a third[-]degree felony where "[t]here has been a course of conduct of indecent assault by the person." 18 Pa.C.S.[A.] § 3126(b)(3)(ii).

\*       \*       \*

- 10 -

> Given the well-established meaning of the phrase, "course of conduct," we ascertain no ambiguity in its use in subsection (a)(1)(ii) of the corruption of minors statute. Consequently, we hold that the use of the phrase "course of conduct" in the first provision of subsection (a)(1)(ii) imposes a requirement of multiple acts over time, in the same manner in which the term is used in the harassment, stalking and EWOC statutes….

*Kelly*, 102 A.3d at 1030-31 (emphasis omitted). We conclude that this well-established meaning of the phrase, "course of conduct" applies to the grading of each of Suarez's convictions.

At trial, the Commonwealth presented the testimony of N.D. N.D. testified that Suarez, her grandfather, "touched my private part and licked it." N.T., 10/29/14, at 26. When asked to define "private part," N.D. indicated that it was the part that she peed from. *Id.* at 27. Further, N.D. indicated that the touching and licking took place on more than one occasion, underneath her clothing, at two different locations. *Id.* at 27-28.

At the conclusion of the trial, the trial court gave the following jury instructions regarding the charges of EWOC and corruption of minors:

> [Suarez] has been charged with [EWOC] as a course of conduct. To find [Suarez] guilty of this offense, you must find that each of the following four elements have been proven beyond a reasonable doubt.
>
> First, that [Suarez] engaged in a course of conduct of endangering the welfare of a child by violating a duty of care, protection or support. A course of conduct means a pattern of actions imposed [*sic*] of more than one act over a period of time, however short, evidencing continuity of conduct[.]
>
> \*  \*  \*

- 11 -

> If after considering the evidence you find that the Commonwealth has established, beyond a reasonable doubt, all of the elements I have stated, you must find [Suarez] guilty of [EWOC]; otherwise, you must find [Suarez] not guilty.
>
> The fourth charge for your consideration [that Suarez] has been charged with is corruption of minors, again as a course of conduct. To find [Suarez] guilty of this offense, you must find that each of the following three elements has been proven beyond a reasonable doubt:
>
> *     *     *
>
> And third, that [Suarez] corrupted or tended to corrupt the morals of [N.D.] by committing a sexual assault against her and that [Suarez] engaged in a course of conduct of corrupting minors. A course of conduct means a pattern of actions composed of more than one act over a period of time, however short, evidencing continuity of conduct.

N.T., 10/30/14, at 105-07.

Consequently, as to the offenses of EWOC and corruption of minors, the record reflects that the Commonwealth alleged in the criminal information, and presented evidence at trial, of the additional factor of "course of conduct," and the trial court instructed the jury on "course of conduct." *See Powpow*, 844 A.2d at 18. Accordingly, the evidence is sufficient to establish the crimes of EWOC and corruption of minors as third-degree felonies, and the trial court properly graded these offenses at sentencing.

Regarding Suarez's conviction of indecent assault of a person less than 13 years of age, N.D.'s testimony was sufficient to establish that Suarez had engaged in a course of conduct as to this offense. However, the trial court

never instructed the jury as to the element of "course of conduct," as it pertained to the offense of indecent assault. In its charge to the jury, the trial court stated the following:

To find [Suarez] guilty of this offense, you must find the following elements have been proven beyond a reasonable doubt:

First, that [Suarez] had indecent contact with [N.D.] To prove that [Suarez] had indecent contact with the alleged victim, the Commonwealth must prove that [Suarez] brought about a touching of the sexual or other intimate parts of the body of one of them by the other and that [Suarez] did so for the purpose of arousing or gratifying his own or the victim's sexual desire;

Second, that [N.D.] was less than 13 years old.

It is no defense that [Suarez] did not know the age of the child or that the child lied about her age, or that [Suarez] honestly believed that the child was 13 years or older, or [Suarez] reasonably believed the child was 13 years or older.

N.T., 10/30/14, at 104. No further instruction was issued as to this offense.

It is clear from the record that the jury was not instructed on the element of "course of conduct," nor told that it must find a "course of conduct" in order to convict Suarez of indecent assault. "The law presumes that the jury will follow the instructions of the court." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1184 (Pa. 2011). Under these circumstances, although the evidence was sufficient to establish that Suarez had engaged in a course of conduct of indecent assault of a person less than 13 years of age, we conclude that the trial court erred in grading the offense as a third-degree felony. We therefore reverse the judgment of sentence imposed for

Suarez's conviction of indecent assault of a person less than 13 years of age, as a third-degree felony and remand for resentencing of the offense as a first-degree misdemeanor. *See* 18 Pa.C.S.A. § 3126(b)(3). Because our resolution may disrupt the trial court's sentencing scheme, we reverse the judgment of sentence in its entirety, and remand for resentencing.

In his fifth claim, Suarez argues that the trial court improperly gave to the jury one verdict sheet, under two numbers, "where there was no distinction as to which charge went to which case[,] if the intent was to have the jury consider[] multiple charges from both cases[.]" Brief for Appellant at 13. Suarez argues that "[i]f the jury verdict sheet only indicates a conviction to three (3) counts, then [Suarez] can only be sentenced on three (3) counts." *Id.* Further, Suarez asserts that, because there was no indication on the jury sheet as to whether each charge was a misdemeanor or felony, there was no way for the jury to know what it was deciding. *Id.*

Our review of the record discloses that Suarez lodged no objection to the jury sheet. *See* N.T., 10/30/14, at 63-69 (wherein the trial court reviews the verdict sheet with counsel, and defense counsel offers no objection on this basis), 97 (wherein the trial court informs counsel that it will review the jury sheet with the jury, and defense counsel lodges no objection to the verdict sheet), 122 (at the close of the trial court's jury instructions, defense counsel lodges no objection to the jury sheet).

- 14 -

Accordingly, this claim is not preserved for our review. *See* Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal).

In his sixth claim, Suarez asserts that the trial court abused its discretion by imposing concurrent sentences at No. 1814 CR 2014, when the jury had convicted him of only three offenses. Brief for Appellant at 14. As set forth above, we conclude that the trial court erred in sentencing Suarez for six offenses, where the jury rendered a verdict as to only three offenses. We further addressed the trial court's grading of the offenses, and the sufficiency of the evidence underlying those offenses, *supra*. As we have already addressed Suarez's sixth claim above, we will not again address this issue.

In his seventh claim, Suarez argues that the trial court improperly sentenced him to consecutive sentences for each of the three felony convictions, as each conviction relates to the same incident. *Id.* at 16. Suarez posits that "if there was no [i]ndecent [a]ssault, there would be no other crimes[,]" and argues that the crimes should have merged at sentencing. *Id.* If not merged, Suarez asserts that the trial court should have imposed concurrent sentences.[4] *Id.*

---

[4] To the extent that Suarez challenges the discretionary aspects of his sentence, the claim is waived. Suarez failed to include, in his brief, a statement of reasons relied upon for allowance of appeal, as required by Pa.R.A.P. 2119(f). *See Commonwealth v. Ladamus*, 896 A.2d 592, 595 (Pa. Super. 2006) (stating that before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke the Court's jurisdiction,

- 15 -

The question of whether a defendant's convictions merge for sentencing purposes implicates the legality of the sentence. *Commonwealth v. Spruill*, 80 A.3d 453, 462 (Pa. 2013). Consequently, our scope of review is plenary, and our standard of review is *de novo*. *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009).

Section 9765 of the Sentencing Code, which governs merger of sentences, provides that

> [n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of the offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Baldwin*, 985 A.2d at 833.

Pursuant to the Crimes Code,

> [a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

> \*      \*      \*

---

must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal).

**(7)** the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7).

Regarding the crime of corruption of minors, the Crimes Code provides the following:

> [W]hoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).

Finally, the Crimes Code defines the crime of EWOC as follows:

> A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S.A. § 4304(a)(1).

In **_Commonwealth v. Martz_**, 926 A.2d 514 (Pa. Super. 2007), this Court held that indecent assault and corruption of minors have different statutory elements[,] and do not merge for sentencing purposes. **_Id._** at 526. Accordingly, Suarez's claim in this regard fails.

The crime of EWOC contains the element of "violating a duty of care, protection or support[,]" which is not an element of indecent assault of a person under 13 years of age. **_See_** 18 Pa.C.S.A. §§ 3126(a)(7), 4304(a)(1). The crime of indecent assault of a person less than 13 years of age includes

- 17 -

the element of "indecent contact," an element not included in the statute defining EWOC.  **_See id._**  Consequently, we conclude that EWOC does not merge with the crime of indecent assault of a person less than 13 years of age.  Accordingly, Suarez's claim in this regard lacks merit.

Finally, Suarez challenges the verdict as against the weight of the evidence.  Brief for Appellant at 18.  Suarez asserts that the evidence does not show a "course of conduct," but instead shows "two [] distinct incidents that are unrelated and a long time apart[, so] that to call those incidents a course of conduct is a shock to one's conscience."  **_Id._**

In reviewing Suarez's claim,[5] we are cognizant that

> [t]he weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015)

(quotation marks and citations omitted).

Our review discloses that the Commonwealth's evidence established that Suarez had engaged in "multiple acts over time," based upon N.D.'s testimony. *See Kelly*, 102 A.3d at 1031 (defining "course of conduct"). It is the exclusive province of the finder of fact to determine the weight of relevant evidence. *Commonwealth v. Mitchell*, 883 A.2d 1096, 1110-11 (Pa. Super. 2005). Here, the jury credited the testimony of N.D. that Suarez had engaged in multiple acts, over time. This Court cannot substitute our judgment for that of the trier of fact. *Commonwealth v. Manley*, 985 A.2d

---

[5] Our review discloses that Suarez properly preserved this claim in a timely Post Sentence Motion. *See In re J.B.*, 106 A.3d 76, 97 (Pa. 2014) (stating that a challenge to the weight of the evidence must first be raised at the trial level).

256, 262 (Pa. Super. 2009). Further, our collective conscience is not shocked by the verdict. Accordingly, we cannot grant Suarez relief on this claim.

Judgment of sentence reversed, case remanded for resentencing consistent with this Memorandum; Superior Court jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2016